**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Oscar CANTU–RIOS, Defendant–Appellant.**

**No. 04–40649.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 17, 2004.

James Lee Turner, Assistant U.S. Attorney, Jeffery Alan Babcock, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Miguel A. Nogueras, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Oscar Cantu–Rios pleaded guilty to violating 8 U.S.C. § 1326(a) and (b) by being found in the United States, without permission, following his conviction of an aggravated felony and subsequent deportation. The district court sentenced him to serve 46 months of imprisonment and two years of supervised release.

---

For the first time on appeal, Cantu–Rios argues that the "felony" and "aggravated felony" provisions set forth in 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because they do not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. As Cantu–Rios concedes, his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

Cantu–Rios also argues for the first time on appeal that if *Almendarez–Torres* is overruled, the Supreme Court's holding in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), renders unconstitutional the district court's calculation of his sentence under the United States Sentencing Guidelines based on facts relating to his prior convictions that were neither found by a jury beyond a reasonable doubt nor admitted by him. Cantu–Rios concedes that in addition to the obstacle posed by *Almendarez–Torres,* his argument regarding the effect of *Blakely* is foreclosed by *United States v. Pineiro,* 377 F.3d 464, 465–66 (5th Cir.2004), *petition for cert. filed* (U.S. July 14, 2004) (No. 04–5263), in which this court held that *Blakely* does not extend to the United States Sentencing Guidelines.

The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.