United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40649
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

OSCAR CANTU-RIOS

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-1073
---------------------

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On December 17, 2004, in an unpublished opinion, this court affirmed the sentence of Oscar Cantu-Rios. United States v. Cantu-Rios, 115 Fed. Appx. 744, 745 (5th Cir. 2004)(unpublished). The Supreme Court has vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his original appeal to this court, Cantu-Rios argued that the sentencing provisions set forth in 8 U.S.C. § 1326(b) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), because they do not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt.  As Cantu-Rios conceded, however, his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), which held that the enhanced penalties in 8 U.S.C. § 1326(b) are constitutionally acceptable sentencing provisions.  See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  Cantu-Rios also argued that if Almendarez-Torres is overruled, the Supreme Court's holding in Blakely v. Washington, 124 S. Ct. 2531, 2536 (2004), renders unconstitutional the district court's calculation of his sentence under the United States Sentencing Guidelines based on facts relating to his prior convictions that were neither found by a jury beyond a reasonable doubt nor admitted by him.  Cantu-Rios's arguments fail because Almendarez-Torres has not been overruled, and the enhancement of a sentence based on prior convictions does not violate the Sixth Amendment. See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000); Booker, 125 S. Ct. at 756.

In his supplemental brief, Cantu-Rios argues that the district court erred by sentencing him under the mandatory Sentencing Guidelines scheme held unconstitutional in Booker.

See id. As Cantu-Rios has raised the argument for the first time on appeal, the district court's actions are reviewed for plain error only. See United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir. 2005). Cantu-Rios has satisfied the first two prongs of the plain error analysis by showing that the district court committed error that was plain. See id. The error is not a structural one, however, and Cantu-Rios has not satisfied the third prong of the plain error analysis by showing that the error affected his substantial rights. See id. at 600-01; United States v. Bringier, 405 F.3d 310, 318 & n.4 (5th Cir. 2005), petition for cert. filed (July 26, 2005) (No. 05-5535).

Nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case. We therefore affirm the conviction and sentence as set by the district court.

AFFIRMED.